COMMONWEALTH *vs.* EVERARD A. GENIUS.

Suffolk. May 3, 1988. — June 30, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* New trial. *Insanity. Homicide.*

A judge erred in granting a new trial to a defendant convicted of first degree murder, where the judge's order, apparently based on a psychiatric report stating that the defendant was not criminally responsible at the time of the offense, was unsupported by findings that the information contained in the report was unknown to, and not readily discoverable by, the defendant and his counsel at trial and that a substantial likelihood existed that the jury, had they received the information, would have reached a different conclusion; and where, moreover, it appeared that the facts on which the psychiatrist based his opinion were known to the defense, or at least, were readily discoverable at the time of trial. [713-715]

INDICTMENT found and returned in the Superior Court Department on July 13, 1979.

A motion for a new trial, filed on October 5, 1984, was heard by *Peter F. Brady,* J.

*Robert J. McKenna, Jr.,* Assistant District Attorney, for the Commonwealth.

*James J. Brady,* Committee for Public Counsel Services, for the defendant.

NOLAN, J. The defendant, Everard A. Genius, was convicted of murder in the first degree on July 18, 1980, for the fatal stabbing of his girl friend, Lillie Mae Nesbitt. The defendant appealed and we affirmed the conviction in *Commonwealth* v. *Genius,* 387 Mass. 695 (1982) (*Genius I*).

On October 5, 1984, the defendant filed pro se a motion for a new trial. Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). On January 14, 1986, a single justice of the Appeals Court vacated an order of the trial judge that denied the defend-

ant's motion for funds for a psychiatric examination and an evaluation of the defendant's criminal responsibility on the date of the offense. The single justice allowed the defendant's motion to authorize an amount not to exceed $500 for an independent psychiatric examination.

On April 23, 1987, the defendant filed a supplemental memorandum of law in support of his pro se motion for a new trial. This memorandum included a report by Dr. Daniel M. Weiss, a psychiatrist, whose opinion was that the defendant lacked criminal responsibility at the time of the stabbing.[1] The Commonwealth filed a memorandum in opposition to the defendant's motion. After a hearing, the judge, on July 13, 1987, issued a written memorandum and order allowing the defendant's motion for a new trial. The Commonwealth subsequently filed a notice of appeal. For the reasons set forth below, the order allowing the defendant's motion is vacated.[2]

It is interesting to note that at his trial the defendant presented a psychiatrist who testified that the defendant was "an extremely depressed, passive person with no history of violent action" and that he was "frankly mentally ill." *Genius I, supra* at 696. On cross-examination, he testified that the defendant was criminally responsible. *Id.*

One of the defendant's assigned errors in *Genius I* was the judge's failure to give an instruction on the defendant's possible lack of criminal responsibility, though no request for such instruction was made. He also argued ineffective assistance of counsel in failing to request it. We said in *Genius I, supra* at 697: "Trial counsel made a conscious choice not to assert the defendant's lack of criminal responsibility and only to argue, on the principles of [*Commonwealth* v. *Gould*, 380 Mass. 672 (1980)], that the defendant had a diminished capacity to appreciate what he was doing. In making his *Gould* argument, trial counsel stated that the defendant was not mentally ill. To

---

[1] The defendant later submitted an additional report by Dr. Weiss to the same effect.

[2] During our review in *Genius I*, we examined the evidence presented at trial. *Id.* at 696-698. We need not survey that evidence again for purposes of our current review.

dispose of one argument made to us, we conclude that this was a reasonable tactical choice considering that the defendant's own expert testified that the defendant was criminally responsible on May 29, 1979. To argue against his own witness on the issue of criminal responsibility could well have undercut his expert's credibility on the *Gould* issues. In the circumstances, we find no ineffective assistance of counsel in counsel's failure to argue lack of criminal responsibility."

The court then acknowledged that "[t]here was, however, evidence that, if believed, would have warranted the jury in concluding that there was a reasonable doubt concerning the defendant's criminal responsibility." *Genius I, supra.* Further on, the court said, *id.* at 699: "Although, therefore, the jury's verdict was not conclusive on the matter of the defendant's criminal responsibility, it does support our conclusion that there was no substantial likelihood of a miscarriage of justice. If the jury were unwilling to return a verdict of guilty of second degree murder, in the light of *Gould* instructions, the likelihood that it would have accepted an 'insanity defense' is slight.

"Trial counsel made a reasonable tactical choice not to press an 'insanity' defense, and thus 'the matter of [the defendant's] criminal responsibility was not fairly raised in this case.' *Commonwealth* v. *Laliberty*, [373 Mass. 238, 247 (1977)]. The only expert testimony indicated that the defendant was not suffering from a mental disease, and there was no reference to a mental defect. 'From our assessment of this entire record, we conclude that substantial justice does not require a new trial at which the defendant's criminal responsibility at the time of the [killing] would be submitted to the jury.' *Id.* at 248."

The motion judge's decision to grant a new trial is examined only to determine "whether there has been a significant error of law or other abuse of discretion." *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986). Absent error of law or abuse of discretion, we shall not disturb the judge's determination. *Sharpe, petitioner*, 322 Mass. 441, 444 (1948).

In support of his motion for a new trial, the defendant argued that during trial, he was denied the effective assistance of counsel and that the judge at trial gave erroneous and prejudi-

cial instructions to the jury. The motion judge reviewed both of the defendant's allegations and concluded that they were groundless. The judge, nonetheless, granted the defendant a new trial.

After examining the judge's memorandum in which he allowed the defendant's motion, we conclude that the judge granted the new trial on the basis of Dr. Weiss's reports that the defendant was not criminally responsible on the date of the offense. While the judge did not make an explicit finding to this effect, it appears that he viewed the psychiatric reports as newly discovered evidence.

While it is true that the granting of a new trial is within the discretion of the judge, see *Commonwealth* v. *Preston*, 393 Mass. 318, 324-325 (1984), that discretion is not boundless and absolute. See *Commonwealth* v. *Little*, 384 Mass. 262, 268-269 (1981). Here, the judge addressed and rejected both of the grounds proffered by the defendant in support of his motion. The judge then allowed a new trial without questioning, or making necessary findings, whether the information contained within the psychiatric report was unknown to the defendant or to his counsel at trial and not reasonably discoverable, *Commonwealth* v. *Brown*, 378 Mass. 165, 171-172 (1979), and whether the information was of such relevance and materiality that it created a substantial risk that the jury would have reached a different conclusion if the evidence had been admitted at trial. *Commonwealth* v. *Grace, supra* at 305-306.

Moreover, it appears that the facts on which the psychiatrist based his opinion were known or at least were readily discoverable at the time of trial. If so, there was no newly discovered evidence that could warrant a new trial.[3]

To conclude, we are presented with a situation where the judge expressly excluded the two grounds offered by the de-

---

[3] The defendant's ineffective assistance of counsel argument is open in this case to the extent that it relies on facts which were not shown in the record on appeal from the defendant's conviction. Our G. L. c. 278, § 33E, consideration of the issue cannot foreclose postappeal arguments based on other facts. In this appeal, however, the case for ineffectiveness of trial counsel is not made out.

fendant in support of his motion, and improperly applied a third not advanced by the defendant in allowing a new trial. While a judge has substantial latitude in determining whether to order a new trial, he must do so on some identifiable ground. We therefore conclude that, in the circumstances of this case, the judge erred and we thereby vacate the judge's order granting the defendant's motion for a new trial.

*So ordered.*