**Everard GENIUS, Petitioner, Appellant,**

v.

**Peter PEPE, Jr., Respondent, Appellee.**

No. 94–1904.

United States Court of Appeals,
First Circuit.

Heard Feb. 7, 1995.

Decided March 21, 1995.

Robert L. Sheketoff with whom Sheketoff & Homan, Boston, MA, was on reply brief, for petitioner.

Everard Genius on brief, pro se.

Gregory I. Massing, Asst. Atty. Gen., with whom Scott Harshbarger, Atty. Gen., Boston, MA, was on brief, for respondent.

Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and STAHL, Circuit Judge.

ALDRICH, Senior Circuit Judge.

Petitioner, Everard Genius, hereinafter defendant, presently convicted of first-degree murder in May 1979, has twice failed before the Supreme Judicial Court. *Commonwealth v. Genius, (Genius I)*, (1982) 387 Mass. 695, 442 N.E.2d 1157; *Commonwealth v. Genius, (Genius II)*, (1988) 402 Mass. 711, 524 N.E.2d 1349. He now appeals from a district court order, backed by an extensive opinion, denying his petition for habeas corpus. The facts are fully set forth by the Massachusetts Court and, again, by the district court. We deal with only one contention, that the district court erred in rejecting defendant's claim that he was denied effective assistance of counsel in that counsel did not pursue the defense of lack of criminal responsibility (insanity). We reverse.

Defendant killed his girlfriend with ten stab wounds. The Commonwealth charged premeditation and also extreme atrocity, both of which could lead to murder in the first degree. Defendant claimed that the victim turned a gun on him and that he remembered nothing else. A court-appointed psychiatrist, a Doctor Koson, testified that defendant was mentally deficient, but not criminally irresponsible. Defendant's counsel accepted this. The present proceeding is based upon defendant's recently obtained psychiatric report from a Doctor Weiss that would support an insanity defense. The Superior Court, "deeply concerned," granted a pro se motion for new trial following *Genius I*, but was reversed in *Genius II*. This petition is the next step.[1]

Turning to the merits of the original case, in Doctor Koson's opinion defendant was not insane, and did not have a mental defect, but his mentality was sufficiently diminished at the time as to detract, if the jury saw fit, from the extreme atrocity that would make for first degree murder in the absence of proof of premeditation. Defendant says he had nothing to lose by having an insanity

---

1. There is no question of failure to exhaust state remedies.

examination. Admittedly, the Commonwealth would have been required to pay for it, M.G.L. c. 261, § 27C(4), and the report would have been privileged and unavailable to it. M.G.L. c. 233, § 20B. If the report proved affirmative, defendant was ahead. If it proved negative, he need not use it.

The district court responded to this with the generalization that preparation is always in the discretion of counsel, who cannot be faulted for not going on and on, unless there was an indication that there might be a benefit. But there may have been one. *Cf. Profitt v. Waldron,* 831 F.2d 1245, (5th Cir.1987). In *Profitt* the court held counsel incompetent for ignoring the fact that defendant had been in a mental institution. Here defendant did not have that history, but he did have something of consequence. To meet the fear that he was not competent to stand trial, defendant had been sent to Bridgewater and the fear was confirmed on February 20. It was not until May that competency was found. While incompetency to stand trial is not equivalent to insanity, it is a serious condition, that should have flagged the possibility. Where insanity would have been a complete defense, it was inexcusable not to pursue it.

Unless, of course, there was a reason. In *Genius I,* the court said,

> We conclude that this was a reasonable tactical choice considering that defendant's own expert testified that the defendant was criminally responsible on May 29, 1979. To argue against his own witness on the issue of criminal responsibility would well have undercut his expert's credibility on the *Gould*[2] issues. In the circumstances we find no ineffective assistance of counsel in counsel's failure to argue lack of criminal responsibility.

387 Mass. at 697, 442 N.E.2d 1157. We disagree. To forego even exploring a possible complete defense because offering it might weaken a partial one (reducing murder one to murder two) seems an extraordinarily unbalanced choice. Whether counsel made it deliberately (as to which there was no evidence) or by default, we cannot find it within the most tolerant standard of competence. And particularly so when there already was some evidence of insanity in the record. *Genius I,* 387 Mass. at 697, 442 N.E.2d 1157.

As to prejudice from counsel's neglect, we have but to look at the statement of the Superior Court judge (the same one who had tried the case) that he was granting a new trial because the report of Doctor Weiss gave him "deep concern."

The judgment is reversed and the case remanded to the district court for action consistent with this opinion.

2. *Commonwealth v. Gould,* 380 Mass. 672, 680–86, 405 N.E.2d 927 (1980).