NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-535

COMMONWEALTH

vs.

FERNANDO A. AGUIAR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order of a District Court judge denying, after an evidentiary hearing, his motion to withdraw a guilty plea.  The defendant's motion was based on ineffective assistance of counsel, specifically counsel's failure to properly advise the defendant, a lawful permanent resident of the United States, of the immigration consequences of his plea pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010).  Determining that the judge erred in, among other things, disregarding the affidavit of the defendant's plea counsel and misapprehending the basis of the defendant's removal from the United States, we reverse.

Background.  In November 2019, the forty-five year old defendant was arraigned in the District Court on a three-count

complaint and detained based on dangerousness.[1]  He remained in custody at the time of the scheduled trial date in January 2020. At that time, the defendant submitted to the judge an agreed-upon tender of plea proposing that the defendant would plead guilty on all charges and be sentenced to eighteen months imprisonment, with sixty days to serve (deemed served), and the balance suspended for two years with probationary conditions. During the plea colloquy, the prosecutor explained that "the alcohol situation is the problem here" and that the disposition allowed the defendant to be released in order to resolve that problem or face the prospect of returning to jail.[2]

In December 2021, after being placed in removal proceedings and detained by United States Immigration and Customs Enforcement (ICE), the defendant moved to withdraw his plea on the basis that he was unaware that his plea would result in "per

---

[1] Count 1 charged strangulation or suffocation and carried a potential sentence of two and one-half years' imprisonment.  See G. L. c. 265, § 15D.  Count 2 charged assault and battery and carried a potential sentence of two and one-half years' imprisonment.  See G. L. c. 265, § 13A.  Count 3 charged vandalism and carried with it a potential sentence of two years' imprisonment.  See G. L. c. 266, § 126A.

[2] According to the prosecutor's recitation of the crimes, the defendant's daughter arrived at a parking lot of an establishment in order to pick up her brother and encountered the defendant shouting at her not to disrespect him; she believed he was intoxicated.  The defendant pushed her up against her car and held his forearm against her neck, threw her towards the car and raised his hand as if to punch her, and kicked her car, damaging it.

se" removal from the United States.  Although the motion was supported by the affidavits of the defendant and his plea counsel, both averring that they were unaware of the immigration consequences of the plea, the judge indicated that he would not take plea counsel's affidavit without his testimony.[3]

An evidentiary hearing on the motion was scheduled for February 16, 2022, postponed to February 22, 2022, and again postponed to March 10, 2022.[4]  Plea counsel was available to testify on the first two dates, but the judge was unable to hear the matter.  On the third date, defense counsel represented that plea counsel had been hospitalized the night before and that his

---

[3] The defendant's attorney offered that plea counsel was available by phone, but the judge insisted on live testimony. The judge also criticized the defendant's affidavit as being "unsigned," even though it had an electronic signature.  See G. L. c. 110G, § 9.  See also Supreme Judicial Court Updated Order Regarding Electronic Signatures by Attorneys and Self-Represented Parties (June 11, 2020) ("In all courts and case types, whenever an attorney or self-represented party is required to sign a document to be served on another party or filed with the court, including an affidavit that must be signed by an attorney or self-represented party under the penalties of perjury, the attorney or self-represented party may electronically sign, unless the court specifically orders otherwise").

[4] The evidentiary hearing was scheduled only after the defendant filed a renewed motion to withdraw his plea, in accordance with the judge's instructions.  We note that the defendant's original filing sufficed to present a substantial issue entailing an evidentiary hearing concerning factual issues.  See Commonwealth v. Lys, 481 Mass. 1, 6 (2018).

future availability was uncertain.[5]  Counsel offered that plea counsel's affidavit could be considered in place of his testimony and proceeded with the remaining available witnesses: the defendant and his daughter, the victim of the crimes to which the defendant had pleaded guilty.[6]

After hearing, the judge issued a decision in which he gave "no weight to plea counsel's affidavit in determining whether he gave ineffective advice to the Defendant."  He found that the defendant had failed to meet his burden in proving deficient performance by counsel because the evidence failed to establish "exactly what the [d]efendant was advised."  Additionally, the judge found that "no evidence was presented" that the defendant had any substantial ground of defense or that an alternate, nondeportable sentence could have been obtained.  Although the judge acknowledged that the defendant having immigrated to the United States as a child, having lived in the United States since that time, and having no family in Portugal were "significant issues," he found no other special circumstances. Determining that the defendant was removable due to a 1995

---

[5] Plea counsel ultimately passed away during the pendency of this appeal.

[6] As relayed by defense counsel, there was pressure to resolve the matter expeditiously as the defendant was in ICE custody and in imminent danger of removal.  According to counsel, the defendant had been removed to Portugal, his country of origin, by the time of oral argument in this case.

conviction of assault and battery by means of a dangerous weapon, the judge found that the immigration consequences attendant to the charges at issue would not have been determinative.  The judge concluded that the defendant would still have pleaded guilty, even knowing the immigration consequences, reasoning that since it took twenty years for removal proceedings to begin, the defendant likely would have taken the chance that ICE "'would not catch up to him' in the future."  This appeal followed.

Discussion.  We review the denial of a defendant's motion to withdraw a guilty plea, treated as a motion for new trial, for significant error of law or other abuse of discretion.  See Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014).  "That discretion, however, 'is not boundless and absolute.'" Commonwealth v. Kolenovic, 471 Mass 664, 672 (2015), quoting Commonwealth v. Genius, 402 Mass. 711, 714 (1988).  "While we will not disturb a judge's subsidiary findings which are warranted by the evidence, 'ultimate findings and conclusions of law, particularly those of constitutional dimensions, are open for our independent review.'"  Commonwealth v. Cousin, 478 Mass. 608, 615 (2018), quoting Commonwealth v. Walter, 396 Mass 549, 553-554 (1986).

Where a motion to withdraw a guilty plea is premised upon ineffective assistance of counsel, the defendant must show

5

"serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer -- and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." DeJesus, 468 Mass. at 178, quoting Commonwealth v. Clarke, 460 Mass. 30, 45 (2011).

It is well established by now that failure of a lawyer to advise a client of the "truly clear" immigration consequences of a plea is deficient performance. See Clarke, 460 Mass. at 42, quoting Padilla, 559 U.S. at 369 There is no dispute on appeal that the defendant's conviction of strangulation or suffocation entailing an eighteen-month sentence constitutes an aggravated felony for which the immigration consequence is truly clear -- mandatory removal from the United States. See Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 398 (2012). The only question is whether plea counsel so advised the defendant. The testimony of the defendant, as well as the affidavit of plea counsel, affirmed that no such advice was given, and there was no evidence to the contrary. Nevertheless, the judge found that the defendant had failed to meet his burden on plea counsel's deficient performance.

While a judge need not credit even uncontradicted evidence, Commonwealth v. Lys, 481 Mass. 1, 5 (2018), there should be a

6

reasoned basis for doing so. See Commonwealth v. Vaughn, 471 Mass. 398, 405 (2015) (articulating reason for acceptance or rejection of affidavit enables appellate court to determine whether judge acted within discretion). Here, the judge did not explicitly discredit either the defendant's testimony or plea counsel's affidavit concerning the immigration advice communicated. Rather, the judge found that the defendant "failed to produce any evidence as to the exact nature of his discussions with his attorney of [fifteen]-plus years." Yet, the defendant specifically testified that (aside from the warnings on the tender of plea form) he never discussed with plea counsel anything related to immigration on this or any other case plea counsel represented him on.[7]

Consistently, plea counsel averred that he advised the defendant of the "general alien warning contained on the tender of plea sheet, as required," and that he negotiated the plea with the district attorney, felt that it was a favorable one, and "advised [the defendant] to take it." He also specifically averred that, at the time he negotiated the plea and advised the defendant to take it, he "was not aware of the grave penalties

_____

[7] Although a judge may always want a more fulsome explanation, the record does not support a finding that the defendant "failed to produce any evidence" on the nature of his discussions with his attorney.

7

[the defendant] would inevitably face as a result" and therefore "did not advise [the defendant] of these eventual outcomes."

Although the Commonwealth had the ability to present its own evidence on this point, it did not. In her cross-examination of the defendant, the prosecutor simply brought out the defendant's prior criminal record and the fact that he had gone over the tender of plea form with plea counsel and was given the alien warnings by the judge during the plea colloquy.[8] In closing, the prosecutor made no argument regarding the defendant's showing on plea counsel's deficient performance and instead addressed only the prejudice element.

While credibility determinations are within the judge's discretion, the judge must exercise such discretion. See Lys, 481 Mass. at 6-7 (remand where judge assumed defendant's affidavit must be credited in absence of plea counsel's affidavit). See also Commonwealth v. Harris, 443 Mass. 714, 728 (2005) (remand where judge declined to exercise discretion in

_____

[8] In its brief, the Commonwealth argues that, even if plea counsel did not advise the defendant of the specific immigration consequences of the plea, the defendant received sufficient advice through the tender of plea form, which was updated to include the language from Padilla, warning that under certain circumstances, deportation is "practically inevitable." Regardless of specificity, advice on a form is necessarily conditional and generic. See Commonwealth v. Petit-Homme, 482 Mass. 775, 788 (2019). It is insufficient to substitute for the advice of counsel to an individual defendant regarding specific consequences of a particular plea.

ruling on motion in limine). Here, the judge erred in disregarding the affidavit of plea counsel on the basis that plea counsel did not testify. See Commonwealth v. Sylvain, 473 Mass. 832, 838-839 (2016) (noting that rule on motions for postconviction relief contemplates resolution by affidavits in some circumstances); Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001). While a judge may take into account "the suspicious failure to provide pertinent information from an expected and available source," Commonwealth v. Goodreau, 442 Mass. 341, 354 (2004), this was not such a case. Plea counsel was ready and willing to testify on multiple occasions prior to his unfortunate hospitalization.[9] As there was no reasoned basis to reject the undisputed evidence of plea counsel's deficient advice in this case, we conclude that the defendant met his burden on the performance prong of the ineffective assistance of counsel test.

---

[9] To the extent that the judge rejected plea counsel's affidavit as "not detailed" and "otherwise inadequate," the judge also erred. The affidavit clearly set forth that plea counsel was unaware of the specific immigration consequences of the plea, that he therefore did not advise the defendant of those consequences, and that his immigration advice consisted of the warnings contained in the tender of plea form. We note that this admission of ineffective assistance was against plea counsel's interest and therefore likely to be credible. See Mass. G. Evid. § 804(b)(3) (2023) (hearsay statement against interest admissible as inherently reliable).

Turning to the question of prejudice, the defendant was required to show that, had he been properly advised of the consequences of the plea, a decision to reject the plea would have been rational under the circumstances. See Clark, 460 Mass. at 47. To prove rationality, the defendant was required to show at least one of the following: (1) an available, substantial ground of defense that he could have pursued; (2) a reasonable probability that he could have negotiated a plea bargain that did not result in dire immigration consequences; or (3) special circumstances supporting the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty. Id. at 47-48. If shown, the defendant must establish that "there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice." Lys, 481 Mass. at 7-8. "The prejudice determination rests on the totality of the circumstances, in which special circumstances regarding immigration consequences should be given substantial weight." Commonwealth v. Lavrinenko, 473 Mass. 42, 59 (2015).

Although the defendant did not put forth any defense to the charges, plea counsel's affidavit provided a detailed explanation of how an alternate plea could reasonably have been structured to avoid immigration consequences. He indicated that

the exact same guilty plea to the charges could have been entered into with the sentence (or perhaps an even harsher sentence) being attached to count 2 or 3, with a concurrent sentence of less than one year on count 1.[10]  Although the Commonwealth had the opportunity to present its own evidence on this point, it did not.  It did not even suggest in closing argument that plea counsel's proposed alternative disposition was not reasonably probable.  The judge's refusal to consider plea counsel's affidavit apparently led him to erroneously conclude that the defendant failed to show a reasonable probability that he could have negotiated an alternate plea.

Although the judge did recognize the defendant's special circumstances of having immigrated to this country as a child, having lived in the United States his entire life since that time, and having no family in Portugal, the judge did not acknowledge any other special circumstances, such as having a

_____

[10] This is borne out by the fact that the tender of plea form proposed a single disposition to resolve all three charges in the complaint, without attaching the sentence to any particular charge.  Ultimately, the defendant received the same sentence on each charge, with the sentences running concurrently.  Since count 1 did not include a minimum mandatory sentence, and no apparent importance was given the particular charge attached to the sentence, it appears that merely attaching the same disposition to a different count would have been a reasonable probability, particularly where all parties, including the prosecutor, victim, and judge, acknowledged that the primary concern was getting the defendant to address his problem with alcohol.

11

wife and two children in the United States.[11] Despite these special circumstances, however, the judge determined that, in the totality of the circumstances, the defendant was not prejudiced. The judge concluded that, due to a 1995 conviction of assault and battery by means of a dangerous weapon, the defendant was already per se deportable as an aggravated felon. He reasoned that since "it took [ICE] over [twenty] years to begin [the defendant's] deportation proceedings from his earlier convictions, . . . it is not irrational to believe that he would have continued to take his chances that [ICE] 'would not catch up to him' in the future."

Notwithstanding the assumption that the prior conviction of assault and battery by means of a dangerous weapon constituted an aggravated felony, the judge's totality of the circumstances analysis was flawed by the mistaken premise that the defendant's removal proceeding was based on a 1995 conviction at all. In fact, the defendant's removal was premised solely on the 2020 conviction of strangulation or suffocation.[12] Although the judge

_____

[11] The judge appeared to discount the relevance of the defendant's family ties because his wife and one of his children did not themselves testify. We note that, like plea counsel, the defendant's wife and that child were present and prepared to testify on prior occasions. And of course the defendant's other child -- the victim of the crimes -- did testify in support of the defendant.

[12] Although the defendant had a number of prior convictions on his record that may have had some immigration consequences, as

12

determined that the case against the defendant was strong, and due to his criminal record, the defendant was likely to receive a significantly harsher sentence after trial and conviction, his maximum exposure on the charges was seven years; the plea that the defendant accepted entailed an eighteen-month sentence if the defendant failed his probationary conditions.  The defendant testified that he would not have pleaded guilty to avoid a prison term if he knew that the plea itself would result in his removal from his home country of over forty years, separation from his wife and children, and exile to a country where he has no family.  There is nothing in the record that undermines this testimony.  Indeed, the position is an eminently rational one.[13] Added to this is the likely prospect that plea counsel could have fashioned a plea disposition that avoided dire immigration consequences altogether, the defendant met his burden of showing that he was prejudiced.

---

explained in the defendant's closing argument at the evidentiary hearing and again in his brief on appeal, none of them subjected him to mandatory removal at the time of his 2020 plea.

[13] In Lee v. United States, 582 U.S. 357 (2017), the Court considered the issue of prejudice under similar circumstances, where the case against the defendant was strong but where the defendant had lived in the United States for nearly three decades, had strong family connections to the United States, and there was no evidence of any ties to his country of origin.  In the backdrop of those special circumstances, Court stated:  "We cannot agree that it would be irrational for a defendant in Lee's position to reject the plea offer in favor of trial."  Id. at 371.

13

Conclusion. The order denying the motion to withdraw the guilty plea is reversed, the judgments are vacated, and the findings are set aside.

So ordered.

By the Court (Vuono, Singh & Englander, JJ.[14]),

Assistant Clerk

Entered: February 12, 2024.

---

[14] The panelists are listed in order of seniority.