By the Court.

The bills in this case, having failed of acceptance, were accepted and afterwards paid by a friend of the plaintiff, who had endorsed them, for his honor. This payment did not vary the duties of the holder. He was still bound to cause them to be protested for non-acceptance, and, at their maturity, to cause them to be duly protested for non-payment by the drawee. He was also obliged to give the same notice to the antecedent parties to the bills, as if they had not been taken up.
In the case at bar, there was no legal evidence of a protest for non-acceptance. The holder is not obliged to forward such protest at the time; (a) but he must give notice of the fact to such prior *13 parties as he intends to resort to. When he institutes his action for the non-payment, both protests are to be produced. (b)
Besides the want of regular evidence of a protest for non-acceptance, there was, .in this case, an inexcusable delay of forwarding the protest for non-acceptance; nor is the delay satisfactorily ac *14 counted for. (c) The verdict must be set aside, and a new tria1 granted.
ADDITIONAL NOTE.
I See Grosvenor vs. Stone, 8 Pick. 79. — Konig vs. Bayard, 1 Pet. 262.
The acceptor of a bill for the honor of the drawer, cannot maintain an action thereon against him, without proof of presentment to the drawee, non-acceptance or nonpayment by him, and notice thereof to the drawer. — Baring vs. Clark, 3 9 Pick. 220.
A foreign bill was drawn on C. Co., at Liverpool, payable to A, in London. C. ^ Co. having refused to accept it, it was accepted in London, by B, for the honor oí the payee, if regularly protested, and refused when due. Held, in an action against B, the plaintiff must prove presentment for payment to C. Co. at Liverpool, and refusal by them, and a protest there; and therefore the bill was properly presented there for payment on the day it fell due. — Mitchell vs. Baring, 10 B. fy C. 4. — F. H.]

 [In Blakely vs. Grant, (6 Mass. Rep. 388,) Parsons, C. J., said, “ As to notice of • the protest of a foreign bill, a copy of the protest should be given or offered to the drawer, or due diligence used to furnish him with this notice, before he can be charged.” Bailey says, (c. 7. sec. 2,) “ To give -this notice, in the case of a foreign bill, effect, it is necessary that a minute of the non-acceptance, or non-payment, and a solemn declaration on the part of the holder, against any loss to be sustained there by, (which minute and declaration is called a protest,) should be made out by a notary public; or, if there be no such notary in or near the place where the bill is payable, by an inhabitant, in the presence of two witnesses; and,, in some cases, a copy, or some other memorial of it, should accompany the notire. But if a man draw or endorse a bill on this country abroad, and afterwards come here, a notice to him here-need not be accompanied with a protest or memorial of it. At least, he cannot object to such notice, unless he applied for the protest on receiving the notice.” He cites Rogers vs. Stevens, 2 T. R. 713. — Gale vs. Walsh, 5 T. R. 239. — Brough vs Parkins, Ld. Raym. 993. — 6 Mod. 80. — Salk. 131.— Orr vs. Maginnis 7 East, 359.— Cromwell vs. Hynson, 2 Esp. N. P. C. 511. — Robins vs. Gibson, 334. — 1 Maule & Selw *13 288. But lie afterwards says, “ A foreign bill should be noted for non-acceptance or non-payment on the day on which acceptance or payment is refused; but it would scent that the protest may be formally drawn up at any future period, provided that, in the event of a suit, it be drawn up before the commencement of such suit.” — Ch. 7, sec. 2.—And he cites Butter, N. P. 272. — Leftly vs. Mitts, 4 T. R. 174.— Chaters vs. Bell, 4 Esp. N. P. C. 48. — Selw. N. P. 379. — Selwyn says, Ld. Kenyon so held in Chaters vs. Beil, and also Ld. Eldon, on a new trial in the same case, and that a case was then reserved for the opinion of the court; that after argument, the court, considering the question to be of great importance, directed it to be turned into a special verdict. But the sum in dispute being very small, and the parties unwilling to incur the expense of a special verdict, the recommendation of the court was not attended to, and the case was not mentioned again — 1 Selw. p. 360, 5th ed. — Starkie, in his treatise on Evidence, lays it down as law, that11 where the drawer resides abroad, the notice of the non-acceptance should be accompanied by a copy, or some other memorial, of the protest; for otherwise he cannot know of the protesting. But if he resides here, although at the time of the dishonor he be abroad, or if lie has returned to this country previous to the dishonor of the bill, notice of dishonor is sufficient; for he can make inquiry as to the protest ” —2 Starkie on Ev. 265 — He cites Goosetrey vs. Mead, Bul. N. P. 271. — Bailey on Bills, 118. — Cromwell vs. Hynson, 2 Esp. C. oil. — Robins vs. Gibson, 3 Camp. 334. — 1 Maule & Selw. 288.— Chaters vs. Bell, 4 Esp. N. P. 48. — Mr. Selwyn observes, that Cromwell ¿j/* Al. vs. Hynson can no otherwise be reconciled with Goosetrey vs. Mead, than by considering the expressions used in the latter case,6 not sending the protest,’ as meaning nothing more than 6 not giving notice of the non-acceptance.’ ” — Selw. N. P. 339.— Chitty says, (Chitty on Bills, 6th ed. p. 217,) u It has been said, that- the making a protest alone is not sufficient, and that a copy of it, or some other memorial, within a reasonable time, be sent, with a letter of advice to the persons on whom the holder means to call for payment; but it has been recently decided that it is not necessary that a copy of the protest should accompany the notice of non-acceptance.” He refers to the cases above cited, and particularly to Robins vs. Gibson, Cromwell vs. Hynson, Chaters vs. Bell, and Bailey, 122. Pothier, Traite du Contr. de Change, Par. 1, ch. 5, s. 150. Pothier says, the holder will have satisfied the ordinance, if, after having caused the bill to be protested, he, within the time prescribed, give notice to the drawer or the endorsers, who are to pay, that the drawee has refused to pay ; although he has omitted to give a copy of the record of the protest in his letter of notice. Mr. Thomson, in reference both to the English and Scotch law, says, “ It is not now held necessary that notice should be accompanied by the bill, or by the principal, or a copy of the protest, even in the case of a foreign bill. It does not even seem requisite to mention that there has been a protest, when the person receiving the notice is in this country at the time of the dishonor; as he may, in that case, ascertain this fact, although it should not be notified to him. But if he is abroad, the fact of a protest having been taken, ought to be mentioned in the notice, since he cannot otherwise be supposed to be aware of it. If he afterwards require a copy of the protest, it must be sent to him.”— Thomson on Bills, pp. 505, 506, 507. He cites the English cases before referred to, and several Scotch cases; and particu larly Johnston vs. Murray, Morr. 1556. — Johnson vs. Hogg, Morr. 1570. — Hawkins vs. Cochrane, Morr. 1581. — Coutts vs. Nisbet, Morr. 1586. — 1 Bell. Com. 326. — By the laws of Holland, it is said, “ The protest must be made within the days of grace, and transmitted to the prior endorser, from whom the holder received the bill, by the first opportunity, or, having given him notice thereof, direct to the drawer.”— l'an der Linden, 692^-3. Van Leeuwen, 440. — Ed.]

 [A protest for non-payment is wholly unnecessary, if a protest for iion-accept anee has been made. — De la Torre vs. Barclay, 1 Stark. N. P. 7. — Price vs. Dardell, Chitty on Bills, 233, n.—Miller vs. Hockley, 5 Johns. Rep. 375. — Forster vs. Jut dison, 16 East, 105. — Ed.]

 [This seems hardly consistent with what precedes. If the holder is not obliged to forward the protest at-the time of giving notice of the fact, what has the delay in forwarding it to do with the case, if it be sent before the suit? Or when required ? If the expressions “ protest for non-acceptance ” were used by mistake for u notice of non-payment,” which, by recurring to the direction of the judge at the trial, would seem probable, then the opinion of the Court, so far as their judgment depended upon this circumstance, was clearly erroneous, for we have seen that in case of a protest and notice of non-acceptance, a protest and notice for non-payment is wholly unnecessary.— Chitty on Bills, 6th ed. p. 309. — Ed.]