Shaw C. J.
The ground upon which the plaintiffs pro posed to recover, not being parties to the bill, and apparently having no interest in it, was, that at maturity the bill was paid by an agent of the plaintiffs, with their funds, for the honor of the defendants, as drawers. But it was conceded that there was no protest for non-payment, and no act of honor or other formal declaration before a notary-public or any other officer, that it was thus paid for the honor of the drawers ; whereupon a nonsuit was ordered, subject to the opinion of the whole *489 Court, whether upon such case, if proved, the plaintiffs would have a right to recover.
Such right is resisted by the defendants upon two grounds -
1. That the bill in question is a foreign bill, and in order to charge the drawers, it is necessary to show that it was protested for non-payment : —
2. That whether a foreign or inland bill, the plaintiffs, having no title by transfer, and being apparently strangers to tne bill, cannot in effect make themselves parties, and claim as having paid for the honor of the drawers, without complying with the custom of merchants, which authorizes them to stand in that relation, and which requires them to show that they have paid upon and after a protest for non-payment, and a declaration that they pay for the honor of the parties, or of a particular party to the bill.
It is a well settled rule of law, founded upon the custom ol merchants, that whenever notice of the non-acceptance or nonpayment of a foreign bill of exchange is to be proved, a protest is indispensably necessary, and cannot be supplied by witnesses or in any other way.
It only remains then to consider, whether the bill in question is a foreign bill within the meaning of the rule, which allows and requires the fact of non-acceptance and non-payment to be proved by protest; and the Court are of opinion that it is. The subject has been under discussion and was fully considered in a case before the Supreme Court of the United States, in which it was decided that a bill of exchange drawn by a person residing in one State of the Union, upon a person residing in another, is a foreign bill. Buckner v. Finley, 2 Peters’s Sup. C. Rep. 586. This decision is precisely in point, appears to be founded upon enlarged views and sound principles, and is decisive upon the present case.
The bill mentioned in the report then, being a foreign bill, and not having been protested for non-payment, the Court are of opinion that the plaintiffs were not entitled to recover, and that the nonsuit must stand ; and it becomes unnecessary to express any opinion upon the other point.

Judgment for defendants on the nonsuit.

T. G. Coffin for the plaintiffs.
C. P. Curtis, for the defendants,
cited Buckner v. Finley, 2 Peters’s Sup. C. R. 586; Bayley on Bills (Phil, and Sevvall’s edit.) 101, 209 ; Chitty on Bills, (5th edit.) 408, 409 ; Hoare v. Cazenove, 16 East, 391 ; Lenox v. Leverett, 10 Mass. R. 1.[1]