[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2012
JOHN LEY
CLERK

_____

No. 11-14936
Non-Argument Calendar
_____

D.C. Docket No. 4:92-cr-10007-JLK-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE LUIS RAMOS,
a.k.a. Jose A. Ramos,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2012)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Luis Ramos, a citizen of Cuba and permanent resident of the United States, appeals the district court's order denying his petition for a writ of error coram nobis, 28 U.S.C. § 1651. Based on Padilla v. Kentucky, — U.S. —, 130 S. Ct. 1473 (2010), Ramos alleges ineffective assistance of counsel at the time that he pleaded guilty to a drug offense in 1992. Assuming for the sake of argument that Padilla has retroactive effect, Ramos has not shown that his counsel's representation at the time of his guilty plea was deficient under Padilla.

In 1992, Ramos pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and was sentenced to eighty-four months in prison. In March 2009, the Department of Homeland Security issued Ramos a Notice to Appear, and in March 2010, he was ordered to be deported. In March 2011, he sought post-conviction relief based on ineffective assistance of counsel.

We review a district court's denial of a writ of error coram nobis for abuse of discretion. United States v. Peter, 310 F.3d 709, 711 (2002). The All Writs Act, 28 U.S.C. § 1651(a), grants authority to federal courts to issue a writ of error coram nobis. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). The writ serves as a remedy to vacate a conviction once a petitioner has served his sentence and is no longer in custody, Peter, 310 F.3d at 712, thereby allowing a

petitioner to obtain relief from the persistent adverse legal consequences of a wrongful conviction, id. at 715–16.

Ramos contends that his guilty plea should be vacated under the Supreme Court's recent decision in Padilla, because his defense counsel failed to inform him of the potential adverse immigration consequences at the time he pleaded guilty. In Padilla, the Supreme Court applied Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), to hold that, based on prevailing professional norms at the time of Padilla's guilty plea, his counsel's failure to advise him of the risk of deportation following a conviction for the charge at issue constituted constitutionally deficient representation. 130 S. Ct. at 1482–84.

In reaching this conclusion, the Supreme Court examined two critical developments in immigration law over the past two decades. First, in 1990, Congress eliminated the judicial recommendation against deportation (JRAD), a form of judicial relief during sentencing that had been previously available to noncitizens convicted of narcotics offenses. See Immigration Act of 1990, Pub. L. No. 101-649, § 505, 104 Stat. 4978, 5050 (1990); Padilla, 130 S. Ct. at 1479–80. Second, in 1996, Congress removed the Attorney General's discretion to grant relief from deportation to immigrants convicted of aggravated felonies. See Illegal Immigration Reform & Immigration Responsibility Act of 1996, Pub. L. No. 104-

208, § 304, 110 Stat. 3009-546, 3009-594, 3009-597 (1996); I.N.S. v. St. Cyr, 533 U.S. 289, 297, 121 S. Ct. 2271, 2277–78 (2001). The Supreme Court noted in Padilla that, "if a noncitizen has committed a removable offense after the 1996 effective date of these amendments, his removal is practically inevitable." 130 S. Ct. at 1480. Professional legal norms adapted to the fact that "the deportation consequence" of a guilty plea was "truly clear" under this new regime. Id. at 1483. Thus, these legislative developments as reflected in professional norms defined the contours of the Sixth Amendment right to effective assistance of counsel to include advising a criminal defendant of the risk of deportation following a guilty plea. Id. at 1480, 1482–84.

Here, Ramos pleaded guilty to his drug offense in 1992. His guilty plea, although it postdated the elimination of JRAD, predated the 1996 amendments that made it "practically inevitable" he would be subject to deportation. Id. at 1480. Ramos has not otherwise shown that at the time of his guilty plea, professional norms had adapted to the developments in immigration law. Notably, he fails to cite a single source of professional legal norms at the time of his guilty plea suggesting that his counsel's representation was deficient. As such, we cannot say that the failure of Ramos's counsel to advise him of the immigration consequences of pleading guilty in 1992 amounted to ineffective assistance of counsel under

4

<u>Padilla</u>.

For the reasons stated, we AFFIRM the district court.